IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


| | |
|---|---|
| **DONNA CAMERON WIEDER**, for the benefit of and as a participant in the MILLER, NASH, WIENER, HAGER & CARSEN PROFIT SHARING TRUST,<br><br>        Plaintiff,<br><br>v.<br><br>**U.S. BANK, NATIONAL ASSOCIATION (OREGON)**, a National Banking Association,<br><br>        Defendant. | CV 04-959-BR<br><br>OPINION AND ORDER |


**LINDA L. MARSHALL**
3 Monroe Parkway, Suite P
Lake Oswego, OR  97035
(503) 699-2082

        Attorney for Plaintiff

**PERRY S. HEITMAN**
**WILLIAM L. LARKINS, JR.**
Larkins Vacura, LLP
808 S.W. Third Avenue, Suite 540
Portland, OR  97204
(503) 222-4424

1 - OPINION AND ORDER

**TERRENCE J. FLEMING**
**ERIC J. PECK**
Lindquist & Vennum, P.L.L.P.
4200 IDS Center
80 South Eighth Street
Minneapolis, MN 55402
(612) 371-3211

    Attorneys for Defendant

**BROWN, Judge.**

    This matter comes before the Court on Defendant's Motion to Dismiss Amended Complaint (#28).

    For the reasons that follow, the Court **DENIES** Defendant's Motion.

## PROCEDURAL BACKGROUND

    Plaintiff filed this action on July 14, 2004. Defendant moved to dismiss Plaintiff's original Complaint and Plaintiff sought leave to file an Amended Complaint. On March 18, 2005, the Court issued an Opinion and Order in which it denied Defendant's Motion as moot, denied Plaintiff's Motion for Leave to File Amend[ed] Complaint in the form proffered, and granted Plaintiff leave to file an Amended Complaint consistent with the Opinion and Order.

    On March 31, 2005, Plaintiff filed an Amended Complaint.

**PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff's Amended Complaint is brief and contains only one claim. Plaintiff alleges she was a participant in the Miller, Nash, Wiener, Hager & Carlsen Profit Sharing Trust. Defendant was and is the Trustee of the Trust. A copy of the Trust Agreement is attached to Plaintiff's Amended Complaint as Exhibit A.

Plaintiff alleges she is bringing her claim "for the benefit of and as a participant in the Plan[1] for injunctive and equitable relief pursuant to" the Employee Retiree Retirement Income Security Act (ERISA), specifically 28 U.S.C. §§ 1104(a), 1109(a), and 1132(a)(2). Plaintiff contends Defendant breached its fiduciary duties as Trustee when it (a) failed and refused "to timely execute directives of the plan administrator concerning management of plan assets on behalf of participants," b) provided "the plan administrator with false and materially misleading information concerning its failure to timely execute directives of the plan administrator; and (c) persisted "in its refusal to timely execute directives of the plan administrator concerning management of Plan assets even after further instructions and demand from the plan administrator."

Plaintiff alleges Defendant's breach of its fiduciary duties resulted in losses to the Trust in an amount not less than

---

[1] Plaintiff refers to the Trust as the "Plan."

3 - OPINION AND ORDER

$22,030. Plaintiff asks the Court to order Defendant to "make good to the Plan all losses resulting from" Defendant's actions by paying to the Trust an amount to be proven at trial but not less than $22,030. Plaintiff also seeks reasonable attorneys' fees and costs.

## STANDARDS

Dismissal under Fed. R. Civ. P. 12(b)(6) "for failure to state a claim is proper 'only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993) (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). A court must limit its review to the contents of the complaint, take all allegations of material fact as true, and view the facts in the light most favorable to the nonmoving party. *Cooper v. Pickett*, 137 F.3d 616, 622 (9th Cir. 1998). A court should not dismiss a complaint, thus depriving the plaintiff of an opportunity to establish his or her claims at trial, "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001)(quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)).

In addition, if a court dismisses a claim pursuant to Rule 12(b)(6), the court should grant leave to amend unless the court

determines the allegation of other facts consistent with the operative pleading could not possibly cure the deficiency. *Schreiber Distrib. Co. v. Serv-Well Furn. Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986). *See also Reddy v. Litton Indus.*, 912 F.2d 291 (9th Cir. 1990), *cert. denied*, 502 U.S. 921 (1991).

## DISCUSSION

Defendant asserts Plaintiff's Amended Complaint must be dismissed based on the doctrine of judicial estoppel. "Judicial estoppel is an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position." *Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001). The Ninth Circuit "has restricted the application of judicial estoppel to cases where the court relied on, or 'accepted,' the party's previous inconsistent position." *Id.* at 783.

Defendant argues Plaintiff has alleged factual positions in her Amended Complaint that are inconsistent with facts stated in Plaintiff's Reply in Support of Plaintiff's Motion for Leave to File Amend[ed] Complaint. Defendant asserts Plaintiff's statement in her Reply that "[t]he Trust by its nature could not be benefitted 'as a whole'" is inconsistent with Plaintiff's assertion of a claim under 29 U.S.C. §§ 1109(a) and 1132(a)(2).

5 - OPINION AND ORDER

Section 1132(a)(2) authorizes a plan participant or beneficiary to bring a civil action to recover "appropriate relief under section 1109" for a plan fiduciary's breach of fiduciary duty.  A claim under § 1132(a)(2), however, may be brought only on behalf of the plan and not for the benefit of an individual participant.  *Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996).

In its March 18, 2005, Opinion and Order, the Court held Plaintiff had not adequately stated a claim under § 1132(a)(2) because she brought her action in her name alone for her sole benefit and not on behalf of the Trust.  Plaintiff's representation regarding the nature of the Trust and whether an action could benefit it "as a whole" was not material to the Court's decision.  Because the Court did not rely on or accept Plaintiff's factual statement in her Reply, the Court declines to apply judicial estoppel to bar Plaintiff's action.  Accordingly, the Court denies Defendant's Motion.

## **CONCLUSION**

For these reasons, the Court **DENIES** Defendant's Motion to

Dismiss Amended Complaint (#28).

   IT IS SO ORDERED.

   DATED this 14th day of July, 2005.


                              /s/ Anna J. Brown

                              _____
                              ANNA J. BROWN
                              United States District Judge




                              WiederCV04-959-07-14-05.wpd